UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IBRAHIM RAHMAN, | CASE NO. 2:26-cv-00492-JNW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| NATIONSTAR MORTGAGE LLC, et al., | |
| Defendants. | |

## 1. INTRODUCTION

Plaintiff Ibrahim Rahman moves for a temporary restraining order to enjoin the upcoming foreclosure of his home. Dkt. No. 10. Having considered the briefing, the record, and the relevant law, the Court finds that Rahman has not shown that he is likely to succeed on his claims. Accordingly, the Court denies his motion for a temporary restraining order.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

## 2. BACKGROUND[1]

On March 21, 2007, Rahman executed a promissory note ("Note") for $360,000, in consideration for a loan from GreenPoint Mortgage Funding, Inc. for the purchase of real property in Kent, Washington ("Property"). *Rahman v. Greenpoint Mortg. Funding, Inc., et al.*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 2. Rahman also executed a deed of trust ("Deed of Trust") securing the Note and encumbering the Property. Chicago Title Insurance was the trustee, and the Mortgage Electronic Registration System ("MERS") was named as beneficiary and nominee for GreenPoint and its successors and assigns. Dkt. No. 14-3 at 3; *Rahman*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 2. MERS later assigned its interest as beneficiary in the Deed of Trust to GreenPoint, Dkt. No. 14-4 at 2, and GreenPoint subsequently assigned its interest in the Deed of Trust to BAC Home Loan Servicing, LP ("BAC"), Dkt. No. 14-5 at 2. *Rahman*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 2.

---

[1] Both parties have asked the Court to take judicial notice of various documents. Dkt. Nos. 11, 14. A district court has broad discretion to consider evidence at the preliminary injunction stage, even if that evidence might not be admissible at trial. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) ("It was within the discretion of the district court to accept this hearsay for purposes of deciding whether to issue the preliminary injunction"); *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("[t]he trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial"). Accordingly, the Court has considered the documents submitted by both parties for purposes of this motion without ruling on their admissibility. The Court RESERVES ruling on the parties' requests for judicial notice.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 2

In November 2012, Rahman executed a "Home Affordable Modification Agreement," representing that he was in default or that default was imminent. Dkt. No. 14-6 at 3; *Rahman*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 2. That agreement modified the terms of the original loan, listing Nationstar as Lender and Servicer and documenting a new principal balance of $453,069. Dkt. No. 14-6 at 2; *Rahman*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 2.

By December 2018, Bank of America had become BAC's successor and held its interest as beneficiary to the Deed of Trust. *See Rahman*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 2. That month, Bank of America, assigned its beneficiary interest to Federal Home Loan Mortgage Corporation in its capacity as Trustee for Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2017-2 (collectively, the "Freddie Mac Trust"). Dkt. No. 14-7 at 2; *see also Rahman*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 2. Later that month, an Appointment of Successor Trustee was recorded, appointing Quality Loan Services Corporation of Washington ("Quality Loan") as the successor trustee under the Deed of Trust, wherein the Freddie Mac Trust was listed as the beneficiary. Dkt. No. 14-8 at 2–3.

"On January 8, 2019, [the] Freddie Mac [Trust] authorized a Notice of Default, indicating that Plaintiff had ceased making payments on the Loan in July 2018." *Rahman*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 2; *see also* Dkt. No. 14-6 at 2–3.

On February 13, 2019, a Notice of Trustee's Sale was issued and recorded, listing the Freddie Mac Trust as the beneficiary of the Deed of Trust, Quality Loan as the trustee, and the loan mortgage servicer as Nationstar. Dkt. No. 14-9 at 1.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 3

That same day, Rahman sued Defendants in King County Superior Court, and Defendants removed the case to the Western District of Washington. *Rahman*, Case No. 2:19-cv-530-BJR, Dkt. No. 48 at 3. Rahman's claims were: "Lack of Standing/Wrongful Foreclosure, Breach of Contract, Quiet Title, Slander of Title, Temporary Restraining Order, and Declaratory Relief." *Id*. While the Court initially restrained Defendants from selling the Property, it dismissed Rahman's case with prejudice soon after. *Id*. at 8–9. Acknowledging Rahman's pro se status, the court still found that leave to amend would be futile because it was "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. at 8 (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). The court further found:

> What is plain and undisputed is that Plaintiff stopped making payments on the Loan over a year ago; that a balance of over $350,000 remains owing on the Loan, as modified; and that Plaintiff is well over $17,000 behind in his payments. These facts are fatal to all of Plaintiff's claims.

*Id*. at 7 (citation omitted). Thus, the court dismissed Plaintiff's claims with prejudice. *Id*. at 7–8.

Following the dismissal, Rahman filed for bankruptcy; his bankruptcy case was dismissed on September 5, 2023. *In re Ibrahim L. Rahman and Janice M. Rahman*, Case No. 19-13692-TWD (Bankr, W.D.).

On October 9, 2025, the Freddie Mac Trust executed a beneficiary declaration, declaring that "Federal Home Loan Mortgage Corporation, as trustee for [the Freddie Mac Trust] is the holder of the promissory note or other obligation evidencing [Rahman's] loan." Dkt. No. 10-4 at 30. Accordingly, the rights and

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 4

interests of Defendants remains the same as they were during the 2019 attempted foreclosure and resulting litigation.

On November 24, 2025, a second Notice of Trustee's Sale was issued; again, it listed the Freddie Mac Trust as the Deed of Trust's beneficiary, Quality Loan as the trustee, and the loan mortgage servicer as Nationstar. Dkt. No. 14-14 at 1. The notice listed the sale for April 3, 2026. *Id.* It also stated that as of November 2025, Rahman was $191,696.04 in arrears on the Loan with a principal of $334,961.29 remaining. *Id.* at 2.

Rahman filed this lawsuit on December 18, 2025, in King County Superior Court, and Defendants removed the case. Defendants then moved to dismiss the complaint, after which Rahman filed an amended complaint and this motion for a temporary restraining order. Dkt. Nos. 9; 10. The amended complaint asserts claims against all Defendants under: (1) the Washington Deed of Trust Act ("DTA"); (2) the Washington Consumer Protection Act ("CPA"), (3) the Real Estate Settlement Procedures Act ("RESPA"), and (4) the Declaratory Judgment Act. Dkt. No. 9 at 17–32. Rahman also brings claims against Quality Loan for violating the DTA by breaching its statutory duty of good faith and for "[p]resale [d]amages." *Id.* at 20–24. In the alternative, Rahman pleads unjust enrichment against all Defendants. *Id.* at 31–32.

### 3.  DISCUSSION

**3.1    Legal standard.**

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res.*

*Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

The Ninth Circuit takes a "sliding-scale" approach to preliminary relief, under which "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of [preliminary injunctive relief], so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up). This approach allows a stronger showing of one *Winter* factor to offset a weaker showing of another. *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 843–44 (9th Cir. 2024).

In all circumstances, the moving party must make "a showing on all four prongs" under *Winter* to obtain preliminary injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**3.2    Rahman has not shown he is likely to succeed on the merits.**

Rahman argues he is likely to show that Defendants violated the DTA such that they lack authority to foreclose on his home. *See generally* Dkt. No. 10. This argument relates to his first cause of action, which asserts violations of the DTA by

all Defendants, as well as his sixth and seventh causes of action, which seek related declaratory and injunctive relief. Dkt. No. 9 at 17–20, 28–30. Because he does not argue that he is likely to succeed on any other claims, the Court does not address his remaining claims.

The DTA governs statutory deeds of trust in Washington and establishes the procedures for nonjudicial foreclosure. *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1188 (Wash. 2013). Under the DTA, "a deed of trust is a form of three-party mortgage, involving not only a lender and a borrower, but also a neutral third-party called a trustee." *Beck v. U.S. Bank Nat'l Assoc.*, Case No. C17-0882JLR, 2017 WL 6389330, at *3 (W.D. Wash. Dec. 14, 2017); *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 38 (Wash. 2012) (en banc). Consistent with the DTA, a lender will loan money to a borrower to buy real property. The loan is evidenced by a promissory note or similar instrument, held (at least initially) by the lender. The debt is secured by a security instrument called a deed of trust, which authorizes the neutral, third-party trustee to hold the title of the real property in trust for the benefit of the lender, making the lender the beneficiary of the trust. If the borrower defaults on the loan, the beneficiary may instruct the trustee to enforce the deed of trust and foreclose on the property through a nonjudicial foreclosure sale. *Bain*, 285 P.3d at 38; *see* RCW 61.24.020. Throughout this process, the trustee must "ensure that the rights of both the beneficiary and the debtor are protected." *Klem*, 295 P.3d at 1188; *Bain*, 285 P.3d at 39.

While the lender is initially the beneficiary and the holder of the promissory note evidencing the loan, they may assign their beneficiary interest in the trust and

transfer the note to other parties. *See Beck*, 2017 WL 6389330, at *3. Thus, the DTA authorizes the actual "holder" of a promissory note to instruct the trustee to enforce the deed of trust. *Larson v. Snohomish Cnty.*, 499 P.3d 957, 978 (Wash. Ct. App. 2021). Indeed, the statute clarifies that before issuing notice of a nonjudicial foreclosure sale, "the trustee must have proof under penalty of perjury that the beneficiary is the actual holder of the note." *Winters v. Quality Loan Serv. Corp. of Wash., Inc.*, 454 P.3d 896, 900 (Wash. Ct. App. 2019); RCW 61.24.030(7)(a). Generally, to meet this evidentiary requirement, the trustee can rely on a sworn declaration by the beneficiary stating that the beneficiary is in fact the note holder. RCW 61.24.030(7)(b).

Here, the Deed of Trust's beneficiary—the Freddie Mac Trust—executed a beneficiary declaration, confirming that "Federal Home Loan Mortgage Corporation, as trustee for [the Freddie Mac Trust] is the holder of the promissory note or other obligation evidencing the [relevant] loan." Dkt. No. 10-4 at 30. This would seem to satisfy the DTA's evidentiary requirement.[2] RCW 61.24.030(7). Nevertheless, Rahman argues that there are numerous chain-of-title defects that

---

[2] The Court acknowledges that Rahman alleges that Quality Loan violated its duty of good faith as trustee under RCW 61.24.010(4). *See* Dkt. No. 9 at 20. If this is true, then Quality Loan could not rely on the Freddie Mac Trust's declaration as proof of its noteholder status under the DTA. *See* RCW 61.24.030(7)(b) ("Unless the trustee has violated his or her duty under RCW 61.24.010(4), the trustee is entitled to rely on the beneficiary's declaration as evidence of proof required under this subsection."). But Rahman's motion does not explain the legal basis for his claim against Quality Loan, much less address his likelihood of success on the merits. Accordingly, at this stage, the Court cannot find that Quality Loan's reliance on the Freddie Mac Trust's declaration poses a problem, or that Quality Loan needed to gather additional evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 8

preclude Defendants from foreclosing on his home. The Court addresses each in turn.

First, Rahman argues that under Washington law, MERS was never a valid beneficiary of the deed of trust; thus, any subsequent assignments of interest from MERS were improper. Dkt. No. 9 at 17. True, the Washington Supreme Court has held that MERS is not a valid beneficiary under the DTA because it does not actually hold promissory notes. *Bain*, 285 P.3d at 47; *see also Zhong v. Quality Loan Serv. Corp. of Wash.*, Case No. C13–0814JLR., 2013 WL 5530583, at *3 (W.D. Wash. Oct. 7, 2013). However, the Washington Court of Appeals has expressly found that "the designation of MERS as a beneficiary of a deed of trust, even though ineligible to hold that position under the DTA does not . . . invalidate the deed of trust." *Larson*, 499 P.3d at 978; *see also Zhong*, 2013 WL 5530583, at *3 (Plaintiff "cites no authority for her assertion that MERS is incapable of transferring its interest in a deed of trust."). Here, neither Party contends that MERS is the current holder of the Note. Accordingly, the Court rejects Rahman's MERS argument.

Second, relying on a press release, Rahman asserts that GreenPoint ceased all operations on August 20, 2007. Dkt. No. 10-4 at 9. Thus, according to Rahman, GreenPoint could not have authorized the assignment of interest executed after August 20, 2007. But the press release he cites does not state that GreenPoint ceased *all* operations or to exist as a legal entity. *Id*. It states: "GreenPoint Mortgage will cease making *new* loan commitments immediately, however, it will continue to meet its contractual obligations to customers for loan commitments that are in the pipeline with rates locked." *Id*. (emphasis added). A company's decision to

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 9

stop originating new loans is not the same as dissolution, and Rahman has not shown that GreenPoint lacked the corporate capacity to transfer existing loans after August 20, 2007. Thus, the Court rejects this argument.

Third, Rahman claims that the Deed of Trust is somehow unenforceable because "[e]very assignment [of interest in the Deed of Trust] was signed by someone claiming to act as attorney-in-fact for another entity" but "[n]o Power of Attorney has ever been produced for any attorney-in-fact signature in the chain." Dkt. No. 10 at 5. While he seems to claim that these documents were fraudulently signed, but he produces no evidence and alleges no facts suggesting that any individual fraudulently signed them. And the Court "need not consider allegations 'unsupported by citations to the record or legal authority.'" *Saevik v. Swedish Med. Ctr.*, Case No. C19-1992-JCC, 2021 WL 5918595, at *4 (W.D. Wash. Dec. 15, 2021) (quoting *Cyntegra, Inc. v. IDEXX Lab'ys, Inc.*, 322 F. App'x 569, 571 n.2 (9th Cir. 2009)). Moreover, individuals may sign corporate instruments in various representative capacities—as officers, authorized agents, or attorneys-in-fact—and the absence of a recorded power of attorney does not, without more, establish that the signer lacked authority.

Fourth, Rahman asserts that the Freddie Mac Trust closed in 2017, before his Note was transferred to it, meaning the Freddie Mac Trust cannot be the Note's holder or beneficiary. Dkt. No. 9 at 18–19. He claims, "[t]his is not a technical timing issue," but rather a "fundamental question of ownership." *Id*. at 18. Rahman argues that under these circumstances, "Defendants must produce the endorsed promissory note and demonstrate when and how it was delivered to the Trust." *Id*.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 10

at 19. Again, Rahman's argument lacks legal authority. Rahman also bases his argument on a news release that states: "Freddie Mac . . . today announced the settlement of its third Seasoned Credit Risk Transfer (SCRT) offering . . . ." Dkt. No. 10-4 at 6. Contrary to Rahman's assertion, it is not apparent from the document that the Freddie Mac Trust was closed in 2017 to all other transactions.

Finally, Rahman argues that Defendants violated the DTA because they failed to produce "the original promissory note with a complete endorsement chain across four foreclosure attempts spanning approximately eighteen years." Dkt. No. 9 at 19. But he cites no law that would require Defendants to produce this.

Because Rahman has not shown he is likely to succeed on the merits of his claims, preliminary injunctive relief is unavailable to him. *See Matsumoto v. Labrador*, 122 F.4th 787, 804 (9th Cir. 2024) ("We have long recognized that likelihood of success on the merits is the most important factor[.]"). The Court recognizes that Rahman faces the potential loss of his home, a harm that courts have recognized as irreparable. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988). But a TRO is extraordinary relief, and it requires more than just irreparable harm; it requires at minimum "serious questions going to the merits." *All. for the Wild Rockies*, 632 F.3d at 1135. On this record, Rahman has not raised such questions. Due to this failure, a TRO is inappropriate. *See id.* (moving party must make "a showing on all four prongs" under *Winter* to obtain relief).

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 11

## 4.  CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion for a temporary restraining order. Dkt. No. 10.

Dated this 19th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 12