UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IBRAHIM RAHMAN, | CASE NO. 2:26-cv-00492-JNW |
| Plaintiff, | ORDER REMANDING CASE |
| v. | |
| NATIONSTAR MORTGAGE LLC, et al., | |
| Defendants. | |

## 1.  INTRODUCTION

Plaintiff Ibrahim Rahman's motion to remand comes before the Court. Dkt. No. 16. After considering the briefing, the record, and the relevant law, the Court finds that it lacks subject-matter jurisdiction. Accordingly, the Court GRANTS Rahman's motion to remand.

## 2.  BACKGROUND

This case involves the nonjudicial foreclosure of Rahman's home under Washington's Deed of Trust Act ("DTA"). On November 24, 2025, a notice of trustee's sale was issued for the property, listing Defendant Quality Loan Services Corporation of Washington ("Quality Loan") as the trustee. Dkt. No. 14-14 at 1.

ORDER REMANDING CASE - 1

Defendant Federal Home Loan Mortgage Corporation in its capacity as Trustee for Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2017-2 (the "Freddie Mac Trust") was listed as the beneficiary of the Deed of Trust. *Id*. Defendant Nationstar Mortgage LLC ("Nationstar") was listed as the lender and servicer. *Id*. The sale is scheduled for April 3, 2026, at 10:00 a.m. *Id*.

Rahman filed this lawsuit on December 18, 2025, in King County Superior Court, to prevent the nonjudicial foreclosure of his home. Defendants Nationstar and the Freddie Mac Trust removed the case to this district on the basis of diversity jurisdiction and moved to dismiss the complaint. Dkt. Nos. 1; 5. The Notice of Removal states that Quality Loan is a Washington corporation, but explains that because it is a nominal defendant, the Court should not consider it for purposes of diversity jurisdiction or removal. Dkt. No. 1 ¶ 11. Quality Loan did not join in removal or otherwise consent to it at the time. *See* Dkt. No. 1. Rahman then filed an amended complaint, motion for temporary restraining order ("TRO"), and motion to remand. Dkt. Nos. 9; 10; 16. The Court denied Rahman's TRO motion and declined to reconsider its order. Dkt. Nos. 27; 29. Due to the upcoming foreclosure of Rahman's home, the Court shortened time on Rahman's motion to remand and considers it now. Dkt. No. 16.

## 3.  LEGAL STANDARD

A defendant may remove a state-court action to federal court if the court has original jurisdiction over the action at the time of removal. 28 U.S.C. § 1441(a); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th

ORDER REMANDING CASE - 2

Cir. 1998). As the removing party, the defendant must establish that removal is proper, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here, Defendants invoked removal based on diversity jurisdiction, which requires both that the matter in controversy exceed $75,000 and complete diversity—meaning that the citizenship of each plaintiff must be diverse from that of each defendant. 28 U.S.C. § 1332(a); *Teledyne v. Kone Corp.*, 892 F.2d 1404, 1408 (9th Cir. 1990).

## 4.  DISCUSSION

### 4.1    The Court lacks subject-matter jurisdiction.

Before addressing any other arguments, the Court must determine whether it has subject-matter jurisdiction. Because Quality Loan is a Washington corporation, and because Rahman is a Washington citizen, it appears that complete diversity between the Parties is lacking. Defendants argue, however, that the Court should disregard Quality Loan's citizenship because it is a "nominal defendant," or, alternatively, because it was fraudulently joined. For the reasons below, Defendants have not carried their burden under either theory.

#### 4.1.1    Quality Loan is not a nominal defendant.

Courts generally "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Est.*

ORDER REMANDING CASE - 3

*Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2003). "A nominal defendant is 'a party who holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is not dispute.'" *Riedesel v. Bank of Am.*, No. C13-1854-JCC, 2013 WL 12072691, at *2 (W.D. Wash. Nov. 21, 2013) (quoting *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (citation modified). While "it is often the case that a trustee under a deed of trust is deemed a nominal party for diversity purposes," *id.,* that rule applies only when no substantive allegations of wrongdoing are leveled at the trustee. *See id.* (quoting *Beiermann v. JP Morgan Chase Bank NA,* No. C11-5952, 2012 WL 1377094, at *2 (W.D. Wash. April 19, 2012)) ("Ultimately, 'a trustee has [ ] not been considered a nominal party when the complaint makes substantive allegations and asserts claims for money damages against that party.'"); *see also, e.g.*, *Coutoure v. Wells Fargo Bank NA*, No. C11-1096, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011) (trustee deemed a real party where complaint alleged substantive claim for money damages against trustee); *Mirzoyan v. Wells Fargo Bank, N.A.*, No. C12-0023, 2012 WL 1259079, at *2 (W.D. Wash. April 13, 2012) (Trustee was not a "mere nominal defendant whose citizenship [could] be disregarded" when plaintiff made substantive allegations against it for failure to follow statutory requirements).

Rahman alleged a separate claim against Quality Loan at the time of removal. The second cause of action in his initial complaint—which was operative at the time of removal—asserts that Quality Loan violated the DTA "by failing to act impartially and to independently verify authority before proceeding with foreclosure." Dkt. No. 1-1 at 6. The DTA "imposes a duty of good faith on the trustee

toward the borrower, beneficiary, and grantor." *Patrick v. Wells Fargo Bank N.A.,* 385 P.3d 165, 173 (Wash. Ct. App. 2016) (quotation omitted). "This duty requires the trustee to remain impartial and protect the interests of all the parties." *Id.* (quotation omitted). Under Washington law, a plaintiff may sue a trustee for breaching this duty. *Id.* at 172–73. These are substantive allegations of wrongdoing—not the kind of ministerial, possessory role that defines a nominal party. *See Riedesel,* 2013 WL 12072691, at *2.

Considering Rahman's complaint at the time of removal as well as the Court's duty to read Rahman's pro se filings liberally, the Court finds that Defendants have not demonstrated that Quality Loan is a nominal defendant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (Pro se filings must be construed liberally.); *Riedesel*, 2013 WL 12072691, at *2 (applying liberal construction of pro se filings when considering remand in DTA case).

### 4.1.2    Quality Loan was not fraudulently joined.

When determining whether diversity jurisdiction exists, federal courts also disregard the citizenship of defendants who were fraudulently joined. Notably, if the district court finds fraudulent joinder, the remedy is typically to dismiss the improperly joined party. *See Isaacs v. Broido*, F. App'x 874, 876–77 (9th Cir. 2009) ("Analytically, a fraudulent joinder finding compels dismissal of the 'sham defendants.'"). But here, there is no real dispute that Rahman properly named Quality Loan as a defendant because Quality Loan is the Deed of Trust's trustee. *See Silva v. Wells Fargo Bank NA*, No. CV 11–3200 GAF (JCGx), 2011 WL 2437514,

at *5 (C.D. Cal. June 16, 2011) ("[T]he trustee on a deed of trust is often [named as] a nominal party."). The real question seems to be whether Defendants have established that Quality Loan is a nominal party, which they have not.

Regardless, Defendants have not established fraudulent joinder. "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). The second way is relevant here. "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any . . . [non-diverse] defendant[], the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (citation modified). The standard for dismissing fraudulently joined parties "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* at 549. Defendants who argue that complete diversity exists due to fraudulent joinder "bear[] a heavy burden since there is a general presumption against finding fraudulent joinder." *Id.* at 548 (citation modified).

Defendants argue that Quality Loan was fraudulently joined because "the Complaint did not assert *independent* claims against Quality Loan *that would impact Quality Loan's interests*." Dkt. No. 33 at 10 (emphasis added). That

ORDER REMANDING CASE - 6

argument does not speak to the legal test for fraudulent joinder, which asks whether Quality Loan could be liable under any theory in state court, based on Rahman's complaint. *See Grancare, LLC*, 889 F.3d at 548. And as Defendants acknowledge, plaintiffs may sue trustees under the DTA for failure to materially comply with the DTA's provisions. Dkt. No. 33 at 10 (citing RCW 61.24.127(1)(c)); *see also supra* § 4.1. Thus, even if Rahman's claim against Quality Loan may not survive a future motion to dismiss, the Court cannot find that it is wholly insubstantial or frivolous—at least not for the reasons Defendants presented. Accordingly, Defendants have not met their heavy burden of establishing fraudulent joinder, and the Court cannot disregard Quality Loan's citizenship in its jurisdictional analysis.

Because Quality Loan and Rahman are both Washington citizens, complete diversity is lacking, and the Court lacks subject-matter jurisdiction. Having reached this conclusion, the Court need not consider Rahman's remand arguments based on procedural defects in the removal.

### 4.1.3    Rahman's amended complaint does not alter the Court's jurisdictional analysis.

Defendants argue that Rahman waived his right to seek remand by filing an amended complaint that added a federal claim, alleging federal question subject-matter jurisdiction under 28 U.S.C. § 1331. "This is of no moment to [the Court], however, for jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp.*, 159 F.3d at 1213. That is true even when the plaintiff amends their

ORDER REMANDING CASE - 7

complaint after removal to add a federal claim. *Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1117 (9th Cir. 2002). It is undisputed that at the time of removal, Plaintiff's operative complaint alleged only state law claims. *See* Dkt. No. 1-2. Accordingly, the case could not have been filed in federal court "in the first instance," based on federal question subject-matter jurisdiction. *Gaus*, 980 F.2d at 566.

### 4.2    Rahman's request for injunctive relief is denied.

In his reply brief, Rahman asks for "a stay of at least 30 days to get to King County Superior Court, prepare and file emergency injunctive relief, and have a meaningful opportunity to be heard before any sale occurs. Fourteen days is not enough time to file, serve, and obtain a hearing in state court." Dkt. No. 37 at 6. The Court declines this request for two reasons. First, Rahman cites no authority permitting the Court to enjoin a foreclosure sale after ordering remand. *See Cyntegra, Inc. v. IDEXX Labs., Inc.*, 322 F. App'x 569, 571 n.2 (9th Cir. 2009) ("We have not considered [plaintiff's] argument that the district court erred by considering [the contested] expert rebuttal report, an argument [plaintiff] forwards in a single conclusory sentence unsupported by citations to the record or legal authority."). Second, the Court need not consider Rahman's request because it was raised for the first time in reply, depriving Defendants of an opportunity to respond. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

ORDER REMANDING CASE - 8

However, under these circumstances, the Court finds it appropriate to order remand immediately so that Rahman may attempt to seek relief in King County Superior Court before the foreclosure sale. *See* LCR 3(i) ("Unless otherwise ordered by the court, an order transferring a case to another district or remanding a case shall become effective 14 days after the date the order is filed."); *see, e.g., Washington v. O'Reilly Auto Enters. LLC*, 705 F. Supp. 3d 1246, 1255 (W.D. Wash. 2023) (remanding case effective immediately); *Enger v. Garagan*, Case No. 2:19-cv-01171-RSM, 2019 WL 4269283, at *2–3 (W.D. Wash. Sept. 10, 2019) (granting immediate remand based on factual circumstances unique to the case).

### 4.3    Rahman's fee request is denied.

Lastly, Rahman moves for costs and fees under 28 U.S.C. § 1447(c). Courts decide whether an award of costs and fees is appropriate under Section 1447(c) based on the reasonableness of the defendant's removal attempt. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). While unsuccessful, Defendants' removal attempt was not unreasonable here, especially considering trustees are frequently considered nominal parties in removal proceedings. Thus, an award of costs and fees is not appropriate.

ORDER REMANDING CASE - 9

## 5.  CONCLUSION

Accordingly, the Court GRANTS IN PART Rahman's motion to remand. Dkt. No. 16. The Court DIRECTS the Clerk of the Court to REMAND this case to King County Superior Court immediately, ENTER judgment, and CLOSE this case. Any pending motions are DENIED AS MOOT.

Dated this 2nd day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER REMANDING CASE - 10